## Coleman v. Amiss' Ex'r.

The statement of the case made in the opinion is pertinent to the question involved on this appeal. . In addition to the other facts stated, it is proper to say that the executor of O'Leary's will was ordered on the 5th day of March, 1894, to pay to the bishop of Cork the bequest to him, and it was paid on that day. The amended petition to charge Amiss personally for the amount paid the bishop of Cork was filed March 21, 1903, nine years after the money had been paid to him. Appellant dismissed his appeal from the order probating the will. He did not do anything, either by word or act, to apprise the executor that he intended to question the validity of the bequest. He did not make known his purpose to question the validity of the bequest or the payment of it until it was too late for him to recover it from the bishop of Cork. In some cases the statute of limitations will bar a claim, but a court of equity will bar one for laches when the plaintiff has delayed for an unreasonable time to assert his rights. In section 1520, Story's Equity Jurisprudence, it is said: "But a defense peculiar to courts of equity is that founded upon a mere lapse of time, and the staleness of the claim. In cases where no statute of limitations directly governs the case. In such cases courts of equity act sometimes by analogy to the law, and sometime act upon their own inherent doctrine of discouraging, for the peace of society, antiquated demands, by refusing to interfere where there has been gross laches, or long and unreasonable acquiescence in the. assertion of adverse rights." In our opinion the appellant delayed for an unreasonable

time to assert his rights; therefore, his action is barred by laches.

By section 3848, Ky. Stats. 1903, it is provided that when "the will under which he (executor) acted shall be declared invalid * * * all * * * lawful actsdone by such executor * * * shall remain valid and effectual * * * . The money paid the bishop of Cork was so paid as directed by the will to execute which Amiss was appointed. Certainly an act done as directed by the will until it is set aside is lawful, in the meaning of the statute. In other words, it means any act done which would have been lawful if the will had not been invalidated, is to be treated as lawful when done before it is invalidated. If that was not the purpose of the statute, it would be meaningless. While the whole will was not declared invalid, the clause in question was, and the reason and purpose of the enactment of the statute applies in the one as in the other case. Acts done by the executor after the probate of the will and before it is invalidated are binding, and are not affected by the nullification of the will. Jones' Ex'r v. Jones' Widow, 14 B. Mon. 464; Woods' Adm'r v. Nelson's Adm'r, 9 B. Mon. 604. A court of competent jurisdiction probates the will, and the will and order of probate authorizes the executor to act as it were for the testator. And it is essential to the safety of the community, and but giving due respect to the authority of judicial proceedings, that the lawful acts done under a will before it is invalidated, should be treated as valid. Having reached the foregoing conclusion, it is unnecesary to decide whether or not the statute of limitation bars Coleman's right to recover; and it is also unnecessary to determine whether or not the

Coleman v. Amiss' Exr.

order in the settlement suit is a bar to his right to recover.

The judgment is reversed on the appeal of the trustees of the Home for Poor Catholic Men for proceedings consistent with this opinion, and affirmed on the appeal of Coleman against Amiss' executor.

Petition for rehearing and modification of opinion overruled.